| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | | |
| **CASE NUMBER** | 04 C 1573 | **DATE** | 6/16/2004 | |
| **CASE TITLE** | | Sadorf vs. Valdez | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiffs' motion to remand is granted. Enter Memorandum Opinion and Order. This case is hereby remanded to the Circuit Court of Cook County, Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUN 16 AM 4:11 | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**JUN 1 7 2004**

CHRISTINE E. SADORF, )
MICHAEL MALANIUK, and EUGENE MALANIUK, )
)
    Plaintiffs, )
) No. 04 C 1573
v. )
) Judge John W. Darrah
RICHARD F. VALDEZ and )
CALEDONIA HAULERS, INC., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed suit against Defendants, Richard F. Valdez and Caledonia Haulers, Inc., in the Circuit Court of Cook County, Illinois. Defendants removed the action to federal court based on the addition of federal claims in Plaintiffs' First Amended Complaint. Presently before the Court is Plaintiffs' Motion to Remand.

Plaintiffs' Complaint, First Amended Complaint, and Defendants' Notice of Removal support the following summary of the alleged conduct of the parties.

On April 20, 2003, Christine Sadorf was a passenger in a vehicle operated by Michael Malaniuk and owned by Eugene Malaniuk. That same day, Richard Valdez was operating a truck as an employee of Caledonia Haulers, Inc. A collision occurred between Malaniuk the truck driven by Valdez.



On May 5, 2003, Plaintiffs filed suit in the Circuit Court of Cook County, alleging two counts of negligence against the Defendants. On January 21, 2004, Plaintiffs filed a motion for leave to file its First Amended Complaint in the Circuit Court of Cook County. On January 29, 2004, Plaintiffs were granted leave to file their First Amended Complaint.

Plaintiffs' First Amended Complaint was filed in the Circuit Court of Cook County on January 29, 2004. The First Amended Complaint included the original negligence counts and added new counts of negligent and willful and wanton entrustment and retention of Valdez against Caledonia.

On February 27, 2004, Defendants filed a Notice of Removal, removing the suit to this Court. Defendants removed the action based upon the new allegations of negligent and willful and wanton entrustment as these new allegations arose under the purview of the Federal Motor Carrier Safety Act ("FMCSA") and Federal Motor Carrier Safety Regulations ("FMCSR") which address driver qualifications, vehicle inspection, and vehicle maintenance.

Plaintiffs argue that Defendants filed their Notice of Removal after the required thirty-day period because the Defendants received notice that the action potentially involved the FMCSA when the original Complaint was filed or when the Plaintiffs requested discovery materials, including truck maintenance records and the log and personnel records of Valdez, or, at the latest, when the motion for leave to file the amended complaint was filed because it included a copy of the First Amended Complaint.

Pursuant to 28 U.S.C. § 1446(b),

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

> motion, order or other paper from which it may first be ascertained
> that the case is one which is or has become removable ....

In a situation in which the original complaint does not disclose a ground for removal but an amended complaint does so, the thirty-day period does not begin to run until the state court grants leave for the amended complaint to be filed. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (*Sullivan*). If the thirty-day period began to run by merely filing the motion for leave to amend the complaint, a party would be attempting to remove a case before such time as it is positive that a basis for removal exists. A case is removable when the papers disclose that the case is or has become removable, "not that it may sometime in the future become removable if something happens," i.e., granting leave to file an amended complaint. *Sullivan*, 157 F.3d at 1094.

In the instant case, Plaintiffs seek to require the Defendants to have filed their Motion to Remand because Plaintiffs' suit *potentially* involved the FMSCA. However, as stated above, a case does not become removable because the suit may, at some future time, become removable. *See Sullivan*, 157 F.3d at 1094. Defendants filed their Notice of Removal within thirty days of the state court's granting Plaintiffs leave to file their First Amended Complaint. Accordingly, the Notice of Removal was timely filed.

Plaintiffs also argue that remand is proper because their negligent entrustment claims are not preempted by federal law; therefore, this Court does not have jurisdiction. Defendants argue that Plaintiffs' negligent entrustment claims are completely preempted by the FMCSA and FMCSR or are preempted because they would conflict with, interfere with, and seriously compromise the FMCSR.

State laws regarding the same subject matter as statutes enacted by Congress may be

3

preempted by express statutory terms. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977) (*Jones*). If the federal statute does not contain express preemptive language, Congress's intent to preempt all state law in a particular area may be inferred where the scheme of federal regulation is sufficiently complete to reasonably support the inference that Congress left no room for supplemental state regulation. *See Hillsborough County v. Automated Med. Lab., Inc.*, 471 U.S. 707, 713 (1985) (*Hillsborough*).

A state law may also be preempted to the extent it actually conflicts with federal law such that compliance with both the federal and state law is impossible or when the state law conflicts with the purposes and objectives of Congress when enacting the federal law. *See Hillsborough*, 471 U.S. at 713; *Florida Lime & Avocado Growers, Inc.*, 373 U.S. 132, 142-43 (1963); *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). This requires the federal court to "consider the relationship between the state and federal laws as they are interpreted and applied, not merely as they are written." *Jones*, 430 U.S. at 526.

The FMCSRs are derived from primarily two statutes, 49 U.S.C. § 3102(b)(1) directs that "[t]he Secretary of Transportation may prescribe requirements for ... qualifications ... of employees of, and safety of operation and equipment of, a motor carrier...." and the Secretary of Transportation is also authorized to promulgate regulations by the Motor Carrier Safety Act of 1984. In that Act, Congress directed the Secretary of Transportation to establish minimum federal safety standards for commercial motor vehicles and their operators. *See* 49 U.S.C. § 2505.

These statutes do not expressly preempt state law. Nor do they evince an intent to occupy the field completely. *See* 49 U.S.C. § 31141(f)(4) (providing that the remedies "are in addition to other remedies provided by law"); *Specialized Carriers & Rigging Ass'n v. Virginia*, 795 F.2d 1152,

4

1155 (4th Cir. 1986); *North Carolina Motorcoach Assoc. v. Guilford County Bd. of Educ.*, __ F. Supp. 2d __ (2004 WL 902285 (M.D. N.C. April 27, 2004)); *Yellow Freight Sys., Inc. v. Amestoy*, 736 F. Supp. 44, 47 (D. Vt. 1990) (collectively, finding no express or "complete" preemption by FMCSA/FMCSR).

Defendants also argue that Plaintiffs' negligent entrustment claims are preempted because, to the extent they are accepted by a factfinder, they would conflict with, interfere with, and seriously compromise the FMCSR, under which Valdez was classified as a qualified driver. Defendants identify numerous federal regulations that relate to a person's qualifications as a motor carrier driver and the requirements of the employer to inquire and document numerous aspects of the motor carrier driver's performance. Defendants contend that a jury's finding of negligent entrustment or negligent hiring would conflict with federal regulations if the Defendants complied with the applicable federal regulations. However, Defendants' contention that they fully complied with applicable federal regulations does not turn the negligent claims into federal claims. Instead, they are defenses to Plaintiffs' negligence claims. Federal question jurisdiction cannot be based on an anticipated defense that is federal in nature. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Louisville & Nashville Ry Co. v. Mottley*, 211 U.S. 149, 152 (1908). Accordingly, the federal regulations relied upon by the Defendants do not preempt Plaintiffs' negligence claims; and no federal question jurisdiction exists. *See Fleming Co. v. Better Foods Dist., Inc.*, 2002 WL 31498990 (E.D. Pa. Nov. 5, 2002) (defendant's assertion of compliance with FMCSR amounts to defense to plaintiff's negligence claim and cannot establish federal question jurisdiction). Furthermore, Defendants' Notice of Removal relies solely on

federal question jurisdiction; and the existence of diversity jurisdiction is not apparent in the pleadings before the Court.

For the foregoing reasons, jurisdiction does not lie in this Court; and Plaintiffs' Motion to Remand is granted.

Dated: June 16, 2004

JOHN W. DARRAH
United States District Judge